Exhibit 1

Babak Termechi, (SBN 318361)
bobby@termechilaw.com
Alen Ovsepyan, (SBN 337143)
aovsepyan@termechilaw.com
Shelby Radfar (SBN 349574)
sradfar@termechilaw.com
TERMECHI EMPLOYMENT LAW
16255 Ventura Blvd. Suite 940
Encino, CA 91436
Telephone Number: (310) 974-3324

Attorney for Plaintiff,
RAUL PEREZ

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/30/2023** at 10:37:48 AM
Clerk of the Superior Court
By Eva Noriega, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RAUL PEREZ, an individual;<br><br>     Plaintiff,<br><br>v.<br><br>ST. ROSE OF LIMA SCHOOL, an entity form unknown; ROMAN CATHOLIC DIOCESE OF SAN DIEGO, an entity form unknown; JOHN TURSKEY, an individual; MAUREEN MODAFERRI, an individual; ADRIANNA CEJA-MELVIN, an individual; MIGUEL CAMPOS, an individual; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No.:   37-2023-00051964-CU-WT-CTL<br><br>**PLAINTIFF RAUL PEREZ'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **Disability Discrimination in Violation of the FEHA;**<br><br>2. **Retaliation in Violation of the FEHA;**<br><br>3. **Failure to Prevent Discrimination, Harassment, and/or Retaliation in Violation of the FEHA;**<br><br>4. **Failure to Provide Reasonable Accommodations in Violation of the FEHA;**<br><br>5. **Failure to Engage in the Interactive Process in Violation of the FEHA;**<br><br>6. **Discrimination on the Basis of Taking/Requesting CFRA/FMLA Leave;**<br><br>7. **Retaliation on the Basis of Taking/Requesting CFRA/FMLA Leave;**<br><br>8. **Wrongful Termination in Violation of Public Policy;** |

9. **Retaliation in Violation of Labor Code §§ 1102.5 and 98.6;**

10. **Failure to Pay Minimum Wages in Violation of Labor Code §§ 558, 558.1, 1194, 1194.2, 1197, and 1197.1;**

11. **Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 558, 558.1, 1194, 1194.2, and 1197.1;**

12. **Failure to Provide Meal Breaks in Violation of Labor Code § 226.7;**

13. **Failure to Provide Rest Breaks in Violation of Labor Code § 226.7;**

14. **Failure to Provide Accurate Wage Statements in Violation of Labor Code § 226; and**

15. **Waiting Time Penalties Pursuant to Labor Code §§ 201 and 203;**

### DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, RAUL PEREZ, an individual, and alleges the following:

### JURISDICTION AND VENUE

1.    This is an unlimited civil case, and the Court has jurisdiction over this action because the amount in controversy exceeds $25,000.00, exclusive of costs and interest.

2.    Jurisdiction and venue are also proper in this Court because all the claims alleged herein arose in California and all of the Defendants are doing or did business throughout California, including San Diego, or have sufficient minimum contacts. *See* California Code of Civil Procedure § 395(a), which provides that venue is proper in San Diego because Defendants, or some of them, reside in San Diego, maintain a physical presence in San Diego, are all domiciled in the State of California, and conduct sufficient business and/or contacts in San Diego.

### PARTIES

PLAINTIFF RAUL PEREZ'S COMPLAINT FOR DAMAGES

3. <u>Plaintiff</u>: Plaintiff, RAUL PEREZ ("PLAINTIFF"), at all times relevant hereto, was and is a resident of the State of California.

4. <u>Business Defendant</u>: PLAINTIFF is informed and believes and thereon alleges that Defendant, ST. ROSE OF LIMA SCHOOL ("SRLS"), is a California, an entity for unknown, doing substantial business in the State of California, and is authorized and qualified to operate as a business in the County of San Diego, by the State of California and the United States Government. Defendant STLC's place of business, where the following causes of action took place, was and is in the County of San Diego, at 278 Alvarado Street, Suite #B. Defendant STLC both directly and indirectly employed PLAINTIFF, as defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d).

5. <u>Business Defendant</u>: PLAINTIFF is informed and believes and thereon alleges that Defendant, ROMAN CATHOLIC OF DIOCESE OF SAN DIEGO ("RCDSD"), is a California, an entity for unknown, doing substantial business in the State of California, and is authorized and qualified to operate as a business in the County of San Diego, by the State of California and the United States Government. Defendant RCDSD's place of business, where the following causes of action took place, was and is in the County of San Diego, at 278 Alvarado Street, Suite #B. Defendant RCDSD both directly and indirectly employed PLAINTIFF, as defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d).

6. <u>Individual Defendant</u>: PLAINTIFF is informed and believes and thereon alleges Defendant, JOHN TURSKEY ("TURSKEY"), is domiciled in the State of California and is or was an employee, agent, servant, supervisor, managing agent, owner, partner, joint venturer, director, and/or officer of Defendant SRLS, and in that capacity was acting within the course and scope of said agency, service, and employment with Defendant SRLS, during all times alleged herein, and acted directly under the direction of Defendant SRLS, and all of TURSKEY's actions were approved and ratified by Defendant SRLS. Upon information and belief, PLAINTIFF alleges, at all relevant times, Defendant TURSKEY was a "managing agent" and/or "supervisor" within the meaning of Code of Civil Procedure § 3294(b) and Civil Government Code § 12926(r).

7. <u>Individual Defendant</u>: PLAINTIFF is informed and believes and thereon alleges

-3-
PLAINTIFF RAUL PEREZ'S COMPLAINT FOR DAMAGES

Defendant, MAUREEN MODAFFERI ("MODAFFERI"), is domiciled in the State of California and is or was an employee, agent, servant, supervisor, managing agent, owner, partner, joint venturer, director, and/or officer of Defendant SRLS, and in that capacity was acting within the course and scope of said agency, service, and employment with Defendant SRLS, during all times alleged herein, and acted directly under the direction of Defendant SRLS, and all of MODAFFERI's actions were approved and ratified by Defendant SRLS. Upon information and belief, PLAINTIFF alleges, at all relevant times, Defendant MODAFFERI was a "managing agent" and/or "supervisor" within the meaning of Code of Civil Procedure § 3294(b) and Civil Government Code § 12926(r).

8.    Individual Defendant: PLAINTIFF is informed and believes and thereon alleges Defendant, ADRIANNA CEJA-MELVIN ("MELVIN"), is domiciled in the State of California and is or was an employee, agent, servant, supervisor, managing agent, owner, partner, joint venturer, director, and/or officer of Defendant SRLS, and in that capacity was acting within the course and scope of said agency, service, and employment with Defendant SRLS, during all times alleged herein, and acted directly under the direction of Defendant SRLS, and all of MELVIN's actions were approved and ratified by Defendant SRLS. Upon information and belief, PLAINTIFF alleges, at all relevant times, Defendant MELVIN was a "managing agent" and/or "supervisor" within the meaning of Code of Civil Procedure § 3294(b) and Civil Government Code § 12926(r).

9.    Individual Defendant: PLAINTIFF is informed and believes and thereon alleges Defendant, MIGUEL CAMPOS ("CAMPOS"), is domiciled in the State of California and is or was an employee, agent, servant, supervisor, managing agent, owner, partner, joint venturer, director, and/or officer of Defendant SRLS, and in that capacity was acting within the course and scope of said agency, service, and employment with Defendant SRLS, during all times alleged herein, and acted directly under the direction of Defendant SRLS, and all of CAMPOS's actions were approved and ratified by Defendant SRLS. Upon information and belief, PLAINTIFF alleges, at all relevant times, Defendant CAMPOS was a "managing agent" and/or "supervisor" within the meaning of Code of Civil Procedure § 3294(b) and Civil Government Code § 12926(r).

10.    Doe Defendants: DOES 1 through 50, inclusive ("DOES"), are sued under fictitious names pursuant to Code of Civil Procedure § 474, because the true names and capacities, whether

individual, corporate or association, or otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore, sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that DOES are/were individuals or entities that is/are in some manner responsible for the wrongs and damages alleged below in so acting as the employee, agent, servant, and/or partner of any one or more of any named Defendant herein, and/or are/were doing business at all times herein mentioned and material hereto in the State of California, and are/were the parent corporation(s), subsidiaries, affiliated entities, predecessor and/or successor corporations, assignees, insurers, alter ego, agent, managing agent, principal, owner, partner, joint venturer, representative, manager, and/or co-conspirator of one or more of any named Defendant herein, and are/were at all times mentioned herein acting within the course and scope of said agency and employment, and all acts and omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each named Defendant herein.

11. Defendants, SRLS, RCDSD, TURSKEY, MODAFFERI, MELVIN, CAMPOS and DOES, are hereinafter collectively referred to as "DEFENDANTS".

12. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF, as defined under the regulations, statutes and interpreting case law of California, including but not limited to California Government Code § 12926(d) and California Labor Code §§ 1400 and 2810.3.

13. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, compelled, coerced, aided, and/or abetted the wrongful acts, including but not limited to: (1) discrimination, retaliation and/or harassment violations alleged herein, which is prohibited under California Government Code section 12940(i); (2) any and all California Labor Code violations alleged herein; and (3) any and all Common Law violations alleged herein.

14. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, and at all times herein mentioned, were duly authorized agents, servants, representatives, employers, employees, partners, joint venturers, predecessors in interest, successors in interest, and/or co-conspirators of the other, and were acting at all times within the course and scope of their agency or

representative capacity with the knowledge and consent of the other, therefore supporting, encouraging, condoning, approving, authorizing, and ratifying the conduct of all other Defendants named herein.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15.     PLAINTIFF exhausted administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS, and each of them, with the California Department of Fair Employment and Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH, attached hereto as **Exhibit "1."**

## **FACTS COMMON TO ALL CAUSES OF ACTION**

16.     Defendant SRLS is a private school. SRLS enrolls over 300 students in grades Kindergarten through the eighth grade.

17.     PLAINTIFF's direct supervisors were John Turskey ("TURSKEY"), Maureen Modaferri ("MODAFERRI"), Miguel Campos ("CAMPOS"). PLAINTIFF's human resources representative was Adrianna Ceja-Melvin ("MELVIN").

18.     PLAINTIFF was employed by DEFENDANTS for approximately one (1) year and two (2) months, from on or about May 15, 2022, through on or about July 13, 2023.

19.     At the time PLAINTIFF's employment with DEFENDANTS was terminated, PLAINTIFF was a Maintenance Worker, earning $21.00 per hour. PLAINTIFF's job duties and responsibilities included, but were not limited to, maintenance, cleaning, and fixing anything that needed to be repaired for the school.

20.     At all times relevant herein, PLAINTIFF was a non-exempt employee and entitled to all the protections of California law, including but not limited to legally required rest breaks, meal breaks, overtime pay, and timely compensation.

21.     At all times throughout PLAINTIFF's employment, PLAINTIFF is informed and believes and thereon alleges he performed his job duties in an exemplary manner.

22.     In or around July 2022, during PLAINTIFF's employment with SRLS, PLAINTIFF became a member of a protected class, in that PLAINTIFF suffered from a disability after injuring his shoulder.

23.     At all times relevant during PLAINTIFF's employment with DEFENDANTS,

PLAINTIFF was a member of a protected class, in that PLAINTIFF is disabled and suffers from temporomandibular.

24.    PLAINTIFF began working for DEFENDANTS SRLS on or around May 15, 2022. In or around July 2022, PLAINTIFF injured his shoulder while opening a faulty door. PLAINTIFF reported the injury to the human resources representative, Ms. Ines.

25.    PLAINTIFF's shoulder pain was initially tolerable in 2022, but began worsening after a few months in 2023.  Due to the pain, PLAINTIFF had trouble lifting his arm.

26.    The following year, on or around March 2, 2023, PLAINTIFF visited his doctor to receive medical care for his should injury and resulting pain. PLAINTIFF's doctor informed PLAINTIFF that he had a severe shoulder contusion and required physical therapy twice (2) a week. PLAINTIFF's doctor also placed him on disability leave for two (2) months, from March 2, 2023, through May 2, 2023. PLAINTIFF informed DEFENDANTS of his request for disability leave and workers' compensation benefits the same day.  DEFENDANTS granted the leave of absence, but did not provide PLAINTIFF with any information on how he could file a workers' compensation claim.

27.    PLAINTIFF returned to work on May 2, 2023, and was immediately subjected to DEFENDANTS retaliatory actions for taking a protected medical leave. Once PLAINTIFF returned from disability leave, PLAINTIFF noticed DEFENDANTS moved his desk, paperwork, and supplies to a different area that was less desirable.

28.    In addition to his shoulder injury, PLAINTIFF simultaneously suffered from temporomandibular, which is a disorder that causes pain and dysfunction in the jaw joint and muscles that control jaw movement. PLAINTIFF's disability was very bothersome to PLAINTIFF as it affected his speech and eating, and would cause PLAINTIFF to spit when speaking. On or around, February 23, 2023, PLAINTIFF went to the doctor to have his medical condition treated, and was referred to an ear, nose, and throat doctor (ENT). In or around the end of February 2023, PLAINTIFF informed DEFENDANT TURSKEY of his second disability (i.e. temporomandibular), and informed DEFENDANTS that he will need surgery and a disability leave of absence for the same. DEFENDANT TURSKEY became visibly upset with PLAINTIFF, and proceeded to demand that PLAINTIFF refrain from undergoing his medically-necessary surgery until the end of the school year.  DEFENDANT

TURSKEY pressured PLAINTIFF to postpone his surgery so he could continuing working the remainder of the school year. PLAINTIFF reluctantly agreed.

29. In or around the end of June 2023, PLAINTIFF visited an ENT. The ENT informed PLAINTIFF that he should have the "tori" in his mouth removed. PLAINTIFF was scheduled to have surgery on his mouth on or around July 24, 2023, during summer as DEFENDANTS had previously demanded. PLAINTIFF was placed on disability leave from July 24, 2023, through August 21, 2023, to undergo and recover from the surgery.

30. On or around July 13, 2023, PLAINTIFF informed DEFENDANT TURSKEY that he will be getting surgery on or around July 24, 2023, requested disability accommodations and CFRA medical leave from July 24, 2023, through August 21, 2023, and provided a doctors' stating the same. .DEFENDANT TURSKEY was aware since February that PLAINTIFF was planning on undergoing surgery at the end of the school year. Nevertheless, DEFENDANT TURSKEY never acknowledged or responded to PLAINTIFF's request for disability accommodations and CFRA medical leave.

31. A few hours later, on July 13, 2023, PLAINTIFF's employment was terminated. ***PLAINTIFF was terminated just a few hours after asking DEFENDANT TURSKEY for CFRA and disability leave*** for his oral mandibular surgery. DEFENDANTS pretextually claimed that PLAINTIFF was terminated because "he was looking for another job" and that PLAINTIFF was "unhappy" working for DEFENDANTS. However, PLAINTIFF was not looking for another job.

32. <u>Accordingly,</u> PLAINTIFF is under information and belief and thereon alleges that DEFENDANTS' true reasons for terminating his employment were, but without limitation, because of his protected class, need for accommodation, and request for CFRA leave.

33. <u>DEFENDANTS' Meal and Rest Break Practices:</u> PLAINTIFF was also subject to DEFENDANTS' illegal meal and rest break practices, including the failure to provide coverage during meal and rest periods, not allowing meal and rest breaks, requiring PLAINTIFF to work during meal and rest breaks, and failing to provide accurate information on paycheck stubs in violation of Labor Code Section 226(a). PLAINTIFF was forced to miss his breaks several times. Additionally, PLAINTIFF was not provided a meal period within the first five hours of his shift, and/or was not allowed to take a fully uninterrupted 30-minute meal break for every five hours of work, and many

times had to take a shorter meal period or an on-duty meal period due to workload and lack of coverage. Additionally, PLAINTIFF was not provided a 10-minute rest break within the first four hours, or major fraction thereof. PLAINTIFF was subject to DEFENDANTS' policy and/or practices of not providing meal and rest breaks and not paying the applicable penalties for rest and meal period violations, all of which are unpaid and still owed to PLAINTIFF.

34.    <u>DEFENDANTS' Off-the-Clock, Failure to Pay Minimum Wages, and/or Overtime Practices:</u>  PLAINTIFF is informed and believes and thereon alleges he was subject to DEFENDANTS' corporate practices (during and after employment with Defendant SRLS) of failing to pay all minimum and overtime wages owed to PLAINTIFF. PLAINTIFF is under such information and belief because PLAINTIFF was not properly compensated for working overtime. PLAINTIFF would frequently work overtime hours since he was required to remain on standby for any technical/mechanical issues that would arise in a classroom and throughout the entire school.

35.    Due to the DEFENDANTS' failure to properly pay overtime wages, meal period premiums, and rest period premiums, PLAINTIFF is informed and believes and thereon alleges inaccuracies and disinformation are present on his paycheck stubs.

36.    Furthermore, PLAINTIFF is under information and belief and thereon alleges that at the time of his termination DEFENDANTS failed to pay PLAINTIFF all wages owed at that time, including but not limited to, overtime wages, meal period premiums, and rest period premiums.

37.    <u>Economic Damages</u>.  As a consequence of DEFENDANTS' conduct, PLAINTIFF has suffered and will continue to suffer harm, including without limitation, the loss of minimum, overtime, and premium wages, and penalties and interest at the legal rate thereto, lost past and future income and employment benefits, and damage to career and professional reputation, in a sum to be proven at trial.

38.    <u>Non-Economic Damages</u>.  As a consequence of DEFENDANTS' conduct, PLAINTIFF has suffered and will continue to suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

39.    <u>Punitive Damages</u>. PLAINTIFF is under information and belief and thereon alleges DEFENDANTS' conduct constitutes oppression, fraud or malice under California Civil Code § 3294, so as to entitle PLAINTIFF to an award of exemplary/punitive damages.

a. *Malice.* PLAINTIFF is informed and believes and thereon alleges DEFENDANTS' conduct was done with malice within the meaning of California Civil Code § 3294, including that: (a) DEFENDANTS acted with intent to cause injury to PLAINTIFF, and/or acted with reckless disregard toward PLAINTIFF's injury, including by terminating and/or taking other adverse job actions against PLAINTIFF based on, but not limited to, PLAINTIFF's protected class, need for accommodation, and good faith complaints; and/or (b) DEFENDANTS' conduct was despicable, with willful and conscious disregard of PLAINTIFF's rights, health and safety, including PLAINTIFF's right to be free of but not limited to discrimination, retaliation, abuse of requirement of accommodation and engaging in the interactive process, and wrongful termination.

b. *Oppression.* In addition, and/or alternatively, PLAINTIFF is informed and believes and thereon alleges DEFENDANTS' conduct was done with oppression within the meaning of California Civil Code § 3294, including that DEFENDANTS' actions against PLAINTIFF, based on, but not limited to, PLAINTIFF's protected class, need for accommodation, and good faith complaints, was "despicable" and subjected PLAINTIFF to cruel and unjust hardship, in knowing disregard of PLAINTIFF's rights to a workplace free of but not limited to discrimination, retaliation, abuse of requirement of accommodation and engaging in the interactive process, and wrongful termination.

c. *Fraud.* In addition, and/or alternatively, PLAINTIFF is informed and believes and thereon alleges DEFENDANTS' conduct, as alleged herein, was fraudulent within the meaning of California Civil Code § 3294, including that DEFENDANTS, but without limitation, asserted false (pretextual) grounds for termination and/or other adverse job action(s), to thereby harm PLAINTIFF and deprive PLAINTIFF of legal rights.

40. <u>Attorneys' Fees</u>. PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees and will seek the recovery of said expenses and fees according to proof at trial.

41. PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and

PLAINTIFF RAUL PEREZ'S COMPLAINT FOR DAMAGES

alleges the following causes of action:

## **FIRST CAUSE OF ACTION**

### **(Disability Discrimination in Violation of the FEHA)**

### **Against Defendants SRLS and DOES 1 to 50**

42.     PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

43.     At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF (and at least five or more other employees, subjecting DEFENDANTS to the FEHA), as defined under the regulations, statutes and interpreting case law, including but not limited to California Government Code ("Cal. Gov. Code") § 12926(d).

44.     Cal. Gov. Code § 12940 (the FEHA) was in full effect and binding on DEFENDANTS, which prohibits an employer from discharging or discriminating in any manner against an employee based on a number of protected characteristics, including an employee's disability or perceived disability.

45.  Under the FEHA, it is unlawful "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition … of any person, … to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. (Gov. Code § 12940(a)). Under both federal and state law, it is unlawful for an employer to "discriminate against the person in compensation or in terms, conditions or privileges of employment." (*Heard v. Lockheed Missiles & Space Co.* (1996) 44 Cal. App. 4th 1735, 1747-48.)

46.     In establishing a prima facie showing of discrimination under the FEHA, the plaintiff must show they were (1) a member of protected classes; (2) qualified for their job; and (3) suffered an adverse employment action. *Mixon v. Fair Employment & Housing Com.* (1987) 192 Cal.App.3d 1306, 1318; Cal. Gov. Code §§ 12940, 12926(m).  It is not necessary for the plaintiff to show that they were replaced by an individual outside their protected class.  See *Begnal v. Canfield & Associates, Inc.* (2000) 78 Cal.App.4th 66, 76; *Heard v. Lockheed Missiles & Space Co.* (1996) 44 Cal.App.4th 1735.

47.    "First, it is the plaintiff's burden to prove by a preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff proves the prima facie case, then the burden shifts to the defendant to provide some legitimate nondiscriminatory reason for its employment decision. Third, if the defendant carries this burden, then the plaintiff must have an opportunity to show by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination." (*Heard v. Lockheed Missiles & Space Co.* (1996) 44 Cal. App. 4th 1735, 1749-50). Once defendants' justification has been eliminated, discrimination may be the most likely alternative explanation, especially as the employer is in the best position to put forth the actual reason for its decision. *Furnco Constr. v. Waters* (1978) 438 U.S. 567, 577.

48.    <u>Here</u>: PLAINTIFF suffered from Mandibular disease which required surgery. PLAINTIFF provided DEFENDANTS with a doctor's note which requested for PLAINTIFF to go on medical leave on or around July 24, 2023, through on or around August 21, 2023. PLAINTIFF notified DEFENDANTS on or around July 13, 2023, and was terminated on the same day.

49.    PLAINTIFF was able to perform the essential function of PLAINTIFF's job with or without reasonable accommodations for PLAINTIFF's disability.

50.    PLAINTIFF is under information and belief and thereon alleges that PLAINTIFF's disability were the motivating reason for DEFENDANTS' decision to take adverse employment actions against PLAINTIFF and ultimately terminate PLAINTIFF's employment, in violation of the FEHA.

51.    For these reasons, it is evident DEFENDANTS' adverse employment action against PLAINTIFF were motivated by PLAINTIFF's disability, in violation of the FEHA, and DEFENDANTS will be unable to provide some legitimate nondiscriminatory reason for its decision to take adverse employment actions against PLAINTIFF. However, even if DEFENDANTS attempt to do so, PLAINTIFF will prove the "legitimate" reason(s) offered by DEFENDANTS was not its true reason(s) but was trivial, capricious, unrelated to business needs or goals, and/or was pretext to discriminate against PLAINTIFF due to PLAINTIFF's disability.

52.    Therefore, DEFENDANTS are in violation of the FEHA.

53.    As a proximate result of DEFENDANTS' disability discrimination against PLAINTIFF during PLAINTIFF's employment, PLAINTIFF has suffered and continues to suffer substantial harm in

losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

54. As a proximate result of DEFENDANTS' disability discrimination against PLAINTIFF during PLAINTIFF's employment, PLAINTIFF has suffered and will continue to suffer the harm of emotional distress, humiliation, and mental and physical anguish (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

55. In doing the acts herein alleged, DEFENDANTS acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are therefore liable for exemplary and punitive damages in an amount according to proof at trial.

56. PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of the FEHA)

### Against Defendants SRLS and DOES 1 to 50

57. PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

58. At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF (and at least five or more other employees, subjecting DEFENDANTS to the FEHA), as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Gov. Code § 12926(d).

59. Cal. Gov. Code § 12940 (the FEHA) was in full effect and binding on DEFENDANTS, which prohibits an employer from discharging or retaliating against an employee for engaging in a protected activity.

60. "[I]n order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. Once an employee establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action. If the employer produces a

legitimate reason for the adverse employment action, the presumption of retaliation 'drops out of the picture,' and the burden shifts back to the employee to prove intentional retaliation." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042, 116 P.3d 1123, 1130 (2005) (internal citations omitted).

61. "Both direct and circumstantial evidence can be used to show an employer's intent to retaliate. 'Direct evidence of retaliation may consist of remarks made by decisionmakers displaying a retaliatory motive.' Circumstantial evidence typically relates to such factors as the plaintiff's job performance, the timing of events, and how the plaintiff was treated in comparison to other workers." *Colarossi v. Coty US Inc.*, 97 Cal. App. 4th 1142, 1152, 119 Cal. Rptr. 2d 131 (2002) (internal citations omitted). When adverse employment decisions are taken within a reasonable time after an employee engages in protected activity, causation may be inferred. *Flait v. North American Watch Company* (1992) 3 Cal.App.4th 467, 479; *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 615 (one may infer retaliation from the "proximity in time between the protected action and the allegedly retaliatory employment decision").

62. Here: the elements of a prima facie claim of retaliation in violation of the FEHA are satisfied because: (1) PLAINTIFF engaged in a protected activity; (2) DEFENDANTS subjected PLAINTIFF to an adverse employment action; and (3) a causal link exists between the protected activity and the employer's action. Therefore, DEFENDANTS are in violation of the FEHA.

63. PLAINTIFF engaged in a protected activity when PLAINTIFF was having Oral Mandibular surgery and requested to go on medical leave.

64. Defendant SRLS subjected PLAINTIFF to an adverse employment action of disability discrimination when PLAINTIFF was immediately terminated after providing DEFENDANTS with a doctor's note requesting to go on medical leave for his surgery.

65. A causal link exists between the protected activity and the employer's action.

66. Therefore, DEFENDANTS are in violation of the FEHA.

67. As a proximate result of DEFENDANTS' retaliation against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

68. As a proximate result of DEFENDANTS' retaliation against PLAINTIFF, PLAINTIFF

has suffered and will continue to suffer the harm of emotional distress, humiliation, and mental and physical anguish (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

69.     In doing the acts herein alleged, DEFENDANTS acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are therefore liable for exemplary and punitive damages in an amount according to proof at trial.

70.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

### (Failure to Prevent Discrimination, Harassment, and/or Retaliation in Violation of the FEHA)

### Against Defendants SRLS and DOES 1 to 50

71.     PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

72.     At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF (and at least five or more other employees, subjecting DEFENDANTS to the FEHA), as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Gov. Code § 12926(d).

73.     Cal. Gov. Code § 12940 (the FEHA) was in full effect and binding on DEFENDANTS, which requires employers to prevent discrimination, harassment and/or retaliation from being committed against their employees.

74.     "An employer is required to 'take all reasonable steps to prevent harassment from occurring,' and the failure to do so is itself unlawful. (12940, subds. (j)(1), (k).)" *Rehmani v. Superior Ct.*, 204 Cal. App. 4th 945, 952, 139 Cal. Rptr. 3d 464, 469 (2012). "The employer's duty to prevent harassment and discrimination is affirmative and mandatory. (Gov. Code, § 12940, subds.(j)(1) & (k).)" *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.*, 103 Cal. App. 4th 1021, 1035, 127 Cal. Rptr. 2d 285, 296 (2002). " 'Once an employer is informed of the sexual harassment, the employer must take adequate remedial measures. The measures need to include immediate corrective action that is reasonably calculated to (1) end the current harassment and (2) to deter future harassment. The

employer's obligation to take prompt corrective action requires (1) that temporary steps be taken to deal with the situation while the employer determines whether the complaint is justified and (2) that permanent remedial steps be implemented by the employer to prevent future harassment.' " *M.F. v. Pac. Pearl Hotel Mgmt. LLC*, 16 Cal. App. 5th 693, 701, 224 Cal. Rptr. 3d 542, 548 (2017) (internal citations omitted).

75.    <u>Here</u>: Defendant SRLS failed to take all reasonable steps to prevent harassment, discrimination, and/or retaliation in that disability discrimination was allowed to occur at the workplace, as established above under (1) Disability Discrimination in Violation of the FEHA, (2) Retaliation in Violation of the FEHA. Rather than prevent the harassment, discrimination, and/or retaliation, no measures were put in place to ever stop the foregoing from continuing.

76.    Therefore, DEFENDANTS are in violation of the FEHA.

77.    As a proximate result of DEFENDANTS' failure to prevent harassment, discrimination, and/or retaliation against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

78.    As a proximate result of DEFENDANTS' failure to prevent harassment, discrimination, and/or retaliation against PLAINTIFF, PLAINTIFF has suffered and will continue to suffer the harm of emotional distress, humiliation, and mental and physical anguish (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

79.    In doing the acts herein alleged, DEFENDANTS acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are therefore liable for exemplary and punitive damages in an amount according to proof at trial.

80.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Reasonable Accommodations in Violation of the FEHA)

### Against Defendants SRLS and DOES 1 to 50

81.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in

all preceding and subsequent paragraphs as though fully set forth herein.

82.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF (and at least five or more other employees, subjecting DEFENDANTS to the FEHA), as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Gov. Code § 12926(d).

83.    Cal. Gov. Code § 12940 (the FEHA) was in full effect and binding on DEFENDANTS, which requires employers to provide reasonable accommodations to disabled or perceived to be disabled employees.

84.    "It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: For an employer or other entity covered by this part to fail to make reasonable accommodations for the known physical or mental disability of an applicant or employee." Cal. Gov. Code § 12940(m).

85.    "[E]mployers must reasonably accommodate individuals falling within any of FEHA's statutorily defined 'disabilities,' including those 'regarded as' disabled, and must engage in an informal, interactive process to determine any effective accommodations." *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 55, 43 Cal. Rptr. 3d 874, 890 (2006) (internal citations omitted). "The duty to reasonably accommodate a disabled employee is a continuing one that is not exhausted by one effort. 'A single failure to reasonably accommodate an employee may give rise to liability, despite other efforts at accommodation.' " *Atkins v. City of Los Angeles*, 8 Cal. App. 5th 696, 722, 214 Cal. Rptr. 3d 113, 134 (2017), as modified on denial of reh'g (Mar. 13, 2017) (internal citations omitted).

86.    "An employer knows an employee has a disability when the employee tells the employer about his condition, or when the employer otherwise becomes aware of the condition, such as through a third party or by observation", which can be inferred from the circumstances. *Featherstone v. S. California Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1167, 217 Cal. Rptr. 3d 258, 273 (2017) (internal citations omitted). "[T]here is no requirement that the employer be aware that the condition is considered a disability under the FEHA." *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 938, 227 Cal. Rptr. 3d 286, 309 (2017). "Ordinarily, the reasonableness of an accommodation is an issue for

the jury." *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 954, 62 Cal. Rptr. 2d 142, 152 (1997) (internal citations omitted).

87.     "[A] pretextual termination of a perceived-as-disabled employee's employment in lieu of providing reasonable accommodation or engaging in the interactive process does not provide an employer a reprieve from claims for failure to accommodate and failure to engage in the interactive process." *Moore v. Regents of Univ. of California*, 248 Cal. App. 4th 216, 244, 206 Cal. Rptr. 3d 841, 864 (2016).

88.     "While 'a finite leave can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to perform ... her duties' a finite leave is not a reasonable accommodation when the leave leads directly to termination of employment because the employee's performance could not be evaluated while she was on the leave. ...    An 'accommodation' that leads directly to termination of employment is not an effective accommodation and is not reasonable under the FEHA." *Hernandez v. Rancho Santiago Cmty. Coll. Dist.*, 22 Cal. App. 5th 1187, 1194, 232 Cal. Rptr. 3d 349, 354 (2018) (internal citations omitted).

89.     <u>Here</u>: DEFENDANTS, PLAINTIFF's employer, failed to make reasonable accommodations for his known and/or perceived physical disability after DEFENDANTS were placed on notice of same. Specifically, PLAINTIFF suffers from a Mandibular Disease and placed DEFENDANTS on notice of same when PLAINTIFF informed DEFENDANT in or around February 2023 that he will be getting surgery in or around July 2023 (as discussed above under "FIRST CAUSE OF ACTION: Disability Discrimination in Violation of the FEHA" and incorporated by reference here). However, despite DEFENDANTS's knowledge of PLAINTIFF's disability, DEFENDANTS failed to provide reasonable accommodations to PLAINTIFF.

90.     Therefore, DEFENDANTS failed to provide reasonable accommodations, in violation of the FEHA.

91.     As a proximate result of DEFENDANTS' failure to provide reasonable accommodations, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

92.     As a proximate result of DEFENDANTS' failure to provide reasonable accommodations, PLAINTIFF has suffered and will continue to suffer the harm of emotional distress, humiliation, and mental and physical anguish (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

93.     In doing the acts herein alleged, DEFENDANTS acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are therefore liable for exemplary and punitive damages in an amount according to proof at trial.

94.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION

**(Failure to Engage in the Interactive Process in Violation of the FEHA)**

**Against Defendants SRLS and DOES 1 to 50**

95.     PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

96.     At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF (and at least five or more other employees, subjecting DEFENDANTS to the FEHA), as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Gov. Code § 12926(d).

97.     Cal. Gov. Code § 12940 (the FEHA) was in full effect and binding on DEFENDANTS, which requires employers to engage in the good faith interactive process with disabled or perceived to be disabled employees to discuss reasonable accommodations.

98.     "While a claim of failure to accommodate is independent of a cause of action for failure to engage in an interactive dialogue, each necessarily implicates the other." *Moore v. Regents of Univ. of California*, 248 Cal. App. 4th 216, 242, 206 Cal. Rptr. 3d 841, 862 (2016). "[T]he verdicts on the reasonable accommodation issue and the interactive process claim are not inconsistent. They involve separate causes of action and proof of different facts. Under FEHA, an employer must engage in a good faith interactive process with the disabled employee to explore the alternatives to accommodate the disability. (Gov.Code, § 12940, subd. (n); *Claudio v. Regents of the University of California* (2005) 134

Cal.App.4th 224, 242, 35 Cal.Rptr.3d 837 (*Claudio* ); [employer may not fail to engage in a timely, good faith interactive process to determine effective reasonable accommodations].) 'An employee may file a civil action based on the employer's failure to engage in the interactive process.' (*Claudio, supra,* at p. 243, 35 Cal.Rptr.3d 837.) Failure to engage in this process is a separate FEHA violation independent from an employer's failure to provide a reasonable disability accommodation, which is also a FEHA violation. (Gov.Code, § 12940, subd. (m); *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 61, 43 Cal.Rptr.3d 874 (*Gelfo* ); *Claudio, supra,* at p. 242, 35 Cal.Rptr.3d 837; [employer may not fail to make a reasonable accommodation].) An employer may claim there was no available reasonable accommodation. But if it did not engage in a good faith interactive process, 'it cannot be known whether an alternative job would have been found.' (*Claudio, supra,* at p. 245, 35 Cal.Rptr.3d 837.) The interactive process determines which accommodation is required. (*Ibid.; Jensen v. Wells Fargo Bank* (2000) 85 Cal.App.4th 245, 263 (*Jensen* ), fn. 7.) Indeed, the interactive process could reveal solutions that neither party envisioned." *Wysinger v. Auto. Club of S. California*, 157 Cal. App. 4th 413, 424–25, 69 Cal. Rptr. 3d 1, 10 (2007). "An employee cannot necessarily be expected to identify and request all possible accommodations during the interactive process itself because 'employees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have.' " *Scotch v. Art Inst. of California*, 173 Cal. App. 4th 986, 1018, 93 Cal. Rptr. 3d 338, 365 (2009) (internal citations omitted).

99.     <u>Here</u>: DEFENDANTS, PLAINTIFF's employer, failed to engage in the good faith interactive process with PLAINTIFF to address reasonable accommodations for PLAINTIFF's known and/or perceived physical disability after DEFENDANTS were placed on notice of same.

100.     Specifically, PLAINTIFF suffers from Mandibular Disease and placed DEFENDANTS on notice of same when PLAINTIFF informed DEFENDANT in or around February 2023 that he will be getting surgery in or around July 2023 (as discussed above under "Disability Discrimination in Violation of the FEHA" and "Failure to Provide Reasonable Accommodations in Violation of the FEHA" and incorporated by reference here).

101.     However, despite DEFENDANTS' knowledge of PLAINTIFF's disability, which limited major life activities, DEFENDANTS failed to engage PLAINTIFF in the interactive process.

102.   Therefore, DEFENDANTS failed to engage PLAINTIFF in the interactive process, in violation of the FEHA.

103.   As a proximate result of DEFENDANTS' failure to engage in the interactive process, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

104.   As a proximate result of DEFENDANTS' failure to engage in the interactive process, PLAINTIFF has suffered and will continue to suffer the harm of emotional distress, humiliation, and mental and physical anguish (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

105.   In doing the acts herein alleged, DEFENDANTS acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are therefore liable for exemplary and punitive damages in an amount according to proof at trial.

106.   PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

///
///
///
///

**SIXTH CAUSE OF ACTION**

**(Discrimination on the Basis of Taking/Requesting CFRA/FMLA Leave)**

**Against Defendants SRLS and DOES 1 to 50**

107.   PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

108.   At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law, including but not limited to the California Family Rights Act ("CFRA").

109.     At all times herein mentioned, the CFRA was in full force and effect and was binding on DEFENDANTS. These statutes require DEFENDANTS to refrain from discriminating against any employee because they have requested or took CFRA leave.

110.     During PLAINTIFF's employment with DEFENDANTS, DEFEDNANTS engaged in actions that had a negative impact on the treatment of employees who took/requested CFRA leave, including PLAINTIFF.

111.     In or around July 13, 2023, PLAINTIFF notified DEFENDANTS of leave under the CFRA due to his aforementioned disabilities but was terminated a few hours after notifying DEFENDANTS of his request to go on medical leave.

112.     PLAINTIFF is informed and believes and thereon alleges DEFENDANTS' real motivation was to discharge PLAINTIFF because he took and/or requested protected medical leaves of absence.

113.     As such, PLAINTIFF is informed and believes and thereon alleges his CFRA leaves and/or requests for same were a motivating factor in DEFENDANTS' discriminatory wrongful termination of PLAINTIFF's employment.

114.     As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits.

115.     As a proximate result of DEFENDANTS' willful, knowing, and intentional discrimination, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof at trial.

116.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### **SEVENTH CAUSE OF ACTION**

**(Retaliation on the Basis of Taking/Requesting CFRA/FMLA Leave)**

**Against Defendants SRLS and DOES 1 to 50**

117.     PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

118.     At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law, including but not limited to the California Family Rights Act ("CFRA").

119.     At all times herein mentioned, the CFRA was in full force and effect and was binding on DEFENDANTS. These statutes require DEFENDANTS to refrain from retaliating against any employee because they have requested or took CFRA leave.

120.     During PLAINTIFF's employment with DEFENDANTS, DEFENDANTS engaged in actions that had a negative impact on the treatment of employees who took/requested CFRA leave, including PLAINTIFF. In or around July 13, 2023, PLAINTIFF took leave under the CFRA due to his aforementioned disabilities but was terminated a few hours after notifying DEFENDANTS of his request to go on medical leave.

121.     PLAINTIFF is informed and believes and thereon alleges DEFENDANTS' real motivation was to retaliatorily discharge PLAINTIFF because he took and/or requested a protected medical leaves of absence.

122.     As such, PLAINTIFF is informed and believes and thereon alleges his CFRA leaves and requests for same were a motivating factor in DEFENDANTS' retaliatory wrongful termination of PLAINTIFF's employment.

123.     As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits.

124.     As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof at trial.

125.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

-23-

**Against Defendants SRLS and DOES 1 to 50**

126.     PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

127.     At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law.

128.     "When an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 169, 610 P.2d 1330 (1980). "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154, 176 Cal. Rptr. 3d 824, 831 (2014). "[A]n employee need not prove an actual violation of law; it suffices if the employer fired him for reporting his 'reasonably based suspicions' of illegal activity." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 87, 960 P.2d 1046, 1059 (1998) (internal citations omitted). "The court recognized that public policy cases fall into one of four categories: the employee (1) refused to violate a statute; (2) performed a statutory obligation; (3) exercised a constitutional or statutory right or privilege; or (4) reported a statutory violation for the public's benefit." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 76, 960 P.2d 1046, 1051 (1998). " 'Termination of an employee most clearly violates public policy when it contravenes the provision of a statute forbidding termination for a specified reason.' " *Diego v. Pilgrim United Church of Christ*, 231 Cal. App. 4th 913, 926, 180 Cal. Rptr. 3d 359, 369 (2014) (internal citations omitted).

129.     "FEHA's policy prohibiting disability discrimination in employment is sufficiently substantial and fundamental to support a claim for wrongful termination in violation of public policy." *Rope v. Auto-Chlor Sys. of Washington, Inc.*, 220 Cal. App. 4th 635, 660, 163 Cal. Rptr. 3d 392, 414 (2013) (overturned due to legislative action on other grounds).

130.     <u>Here</u>: The elements of a claim for wrongful discharge in violation of public policy are

met because: (1) PLAINTIFF was the employee of DEFENDANTS; (2) DEFENDANTS terminated PLAINTIFF's employment on or about July 13, 2023; (3) PLAINTIFF's termination was substantially motived by PLAINTIFF's physical disability and request to take a protected medical leave, which is a violation of, but not limited to, the FEHA, the California Labor Code, and public policy; and (4) the termination caused PLAINTIFF both economic loss of earning and non-economic damages such as but not limited to emotional distress.

131.    Therefore, DEFENDANTS wrongfully terminated PLAINTIFF's employment in violation of public policy.

132.    As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

133.    As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered and will continue to suffer the harm of emotional distress, humiliation, and mental and physical anguish (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

134.    In doing the acts herein alleged, DEFENDANTS acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are therefore liable for exemplary and punitive damages in an amount according to proof at trial.

135.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## NINTH CAUSE OF ACTION

### (Retaliation in Violation of Labor Code §§ 1102.5 and 98.6)

### Against Defendants SRLS and DOES 1 to 50

136.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

137.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under

the regulations, statutes and interpreting case law, including but not limited to Cal. Labor Code §§ 1400 and 2810.3.

138.    As such, the California Labor Code, in its entirety, was in full effect and binding on DEFENDANTS at all relevant times mentioned herein.

139.    Cal. Labor Code § 1102.5 "provides whistleblower protections to employees who disclose wrongdoing to authorities. As relevant here, section 1102.5 prohibits an employer from retaliating against an employee for sharing information the employee 'has reasonable cause to believe ... discloses a violation of state or federal statute' or of 'a local, state, or federal rule or regulation' with a government agency, with a person with authority over the employee, or with another employee who has authority to investigate or correct the violation. (§ 1102.5, subd. (b).) 'This provision,' we have explained, 'reflects the broad public policy interest in encouraging workplace whistle-blowers to report unlawful acts without fearing retaliation.' (*Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 77, 78 Cal.Rptr.2d 16, 960 P.2d 1046.) An employee injured by prohibited retaliation may file a private suit for damages. (Lab. Code, § 1105; see *Gardenhire v. Housing Authority* (2000) 85 Cal.App.4th 236, 241, 101 Cal.Rptr.2d 893.)" *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 709, 503 P.3d 659, 661 (2022).

140.    "Labor Code section 1102.5, subdivision (b), which prohibits employer retaliation against an employee who reports a reasonably suspected violation of the law to a government or law enforcement agency, reflects the broad public policy interest in encouraging workplace 'whistleblowers,' who may without fear of retaliation report concerns regarding an employer's illegal conduct. This public policy is the modern day equivalent of the long-established duty of the citizenry to bring to public attention the doings of a lawbreaker." *Ferrick v. Santa Clara Univ.*, 231 Cal. App. 4th 1337, 1355, 181 Cal. Rptr. 3d 68, 85 (2014) (internal citations omitted).

141.    "As the Ninth Circuit explained in its certification order, 'Although neither *Hager*, *Patten*, nor *Mokler* even cites, much less meaningfully deals with, section 1102.6, these cases have sown widespread confusion as to which evidentiary standard actually applies to section 1102.5 retaliation claims.' This confusion is reflected in the decisions of the federal courts, which have taken a variety of approaches to the issue. ... To resolve the confusion, we now clarify that section 1102.6, and

PLAINTIFF RAUL PEREZ'S COMPLAINT FOR DAMAGES

not *McDonnell Douglas*, supplies the applicable framework for litigating and adjudicating section 1102.5 whistleblower claims." *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 711–12, 503 P.3d 659, 663 (2022) (internal citations omitted).

142.     "By its terms, section 1102.6 describes the applicable substantive standards and burdens of proof for both parties in a section 1102.5 retaliation case: First, it must be 'demonstrated by a preponderance of the evidence' that the employee's protected whistleblowing was a 'contributing factor' to an adverse employment action. (§ 1102.6.) Then, once the employee has made that necessary threshold showing, the employer bears 'the burden of proof to demonstrate by clear and convincing evidence' that the alleged adverse employment action would have occurred 'for legitimate, independent reasons' even if the employee had not engaged in protected whistleblowing activities. (Ibid.)" *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 712, 503 P.3d 659, 663 (2022). "Even if the employer had a genuine, nonretaliatory reason for its adverse action, the plaintiff still carries the burden assigned by statute if it is shown that the employer also had at least one retaliatory reason that was a contributing factor in the action." *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 716, 503 P.3d 659, 666 (2022).

143.     Under Cal. Labor Code § 98.6(a), "A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter … or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Further, Cal. Labor Code § 98.6(b)(3), states, "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation."

144.    Here: Under an analysis of Labor Code § 1102.5, the preponderance of the evidence establishes that PLAINTIFF's protected activity of whistleblowing was at least a contributing factor to the adverse employment actions of, but not limited to, disability discrimination that DEFENDANTS took against PLAINTIFF because of PLAINTIFF's protected request to go on medical leave.

145.    Therefore, DEFENDANTS are liable for violating Labor Code § 1102.5.

146.    Here: Under an analysis of Labor Code § 98.6, the preponderance of the evidence establishes that PLAINTIFF was subjected to the adverse employment action of, but not limited to, disability discrimination by DEFENDANTS because of PLAINTIFF's protected activity of complaining about, but not limited to, missed meal breaks, missed rest breaks, and failure to pay OT hours.

147.    Specifically, PLAINTIFF was subject to the foregoing adverse employment actions *because of* PLAINTIFF's legally protected complaints.

148.    Therefore, DEFENDANTS are liable for violating Labor Code § 98.6.

149.    As a proximate result of DEFENDANTS' retaliation in violation of Labor Code §§ 1102.5 and 98.6, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

150.    As a proximate result of DEFENDANTS' retaliation in violation of Labor Code §§ 1102.5 and 98.6, PLAINTIFF has suffered and will continue to suffer the harm of emotional distress, humiliation, and mental and physical anguish (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

151.    In doing the acts herein alleged, DEFENDANTS acted despicably and with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and are therefore liable for exemplary and punitive damages in an amount according to proof at trial.

152.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## TENTH CAUSE OF ACTION

### (Failure to Pay Minimum Wages in Violation of Labor Code §§ 558, 558.1, 1194, 1194.2, 1197,

**and 1197.1)**

**Against All Defendants and DOES to 50**

153.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

154.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Labor Code §§ 1400 and 2810.3.

155.    As such, the California Labor Code, in its entirety, was in full effect and binding on DEFENDANTS at all relevant times mentioned herein.

156.    Under California law, it is unlawful for an employer to suffer or permit an employee to work without paying wages at the proper minimum wage for all time worked as required by the applicable IWC Wage Order number 16, codified at California Code of Regulations, title 8, section 11160, subdivision 4. See Labor Code §§ 1994, 1194.2, and 1197.

157.    Pursuant to IWC Wage Order number 4, subdivision 2(k), at all times material hereto, "hours worked" included "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." (See *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 582, 995 P.2d 139, 143 (2000), as modified (May 10, 2000) ["[T]he definition of 'hours worked' is expanded by, rather than limited to, the time spent when an employee is 'suffered or permitted to work.' (Subd. 2(G).) Indeed, the two phrases— 'time during which an employee is subject to the control of an employer' and 'time the employee is suffered or permitted to work, whether or not required to do so' (ibid.)—can also be interpreted as independent factors, each of which defines whether certain time spent is compensable as 'hours worked.' Thus, an employee who is subject to an employer's control does not have to be working during that time to be compensated under Wage Order No. 14–80."]). Further, Cal. Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

158.    Cal. Labor Code § 1194.2 provides for "liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon" where an employer fails to pay less than the minimum wage fixed by an order of the commission or by statue.

159.    <u>Here</u>: PLAINTIFF was not paid all minimum wages because PLAINTIFF was not properly compensated for all hours worked.

160.    As such, PLAINTIFF performed work pursuant to the above Wage Order(s) and Labor Code(s) without ever being compensated for same.

161.    Therefore, DEFENDANTS are liable for their failure to pay PLAINTIFF all minimum wages owed to PLAINTIFF.

162.    As a proximate result of DEFENDANTS' failure to pay PLAINTIFF all minimum wages owed, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

163.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

///

///

///

///

## **ELEVENTH CAUSE OF ACTION**

**(Failure to Pay Overtime Wages in Violation of Labor Code § 510, 558, 558.1, 1194, 1194.2, and 1197.1)**

**Against All Defendants and DOES 1 to 50**

164.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

165.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Labor Code §§ 1400

and 2810.3.

166.    As such, the California Labor Code, in its entirety, was in full effect and binding on DEFENDANTS at all relevant times mentioned herein.

167.    Under Cal. Labor Code § 510, employers are required to provide overtime pay for employees working more than 40 hours in a given workweek. See *Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 978, 154 Cal.Rptr.3d 480). Further, § 510 requires overtime compensation for any work in excess of eight hours in one workday, any work in excess of 40 hours in anyone workweek, and any work on the seventh consecutive day of work in a workweek. See *Flowers v. Los Angeles County Metropolitan Transportation Authority* (2015) 243 Cal.App.4th 66, 83 [196 Cal.Rptr.3d 352]. The California Labor Code further requires employers to pay double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight on the seventh consecutive day of work in a workweek.

168. "[T]he definition of 'hours worked' is expanded by, rather than limited to, the time spent when an employee is 'suffered or permitted to work.' (Subd. 2(G).) Indeed, the two phrases—'time during which an employee is subject to the control of an employer' and 'time the employee is suffered or permitted to work, whether or not required to do so' (ibid.)—can also be interpreted as independent factors, each of which defines whether certain time spent is compensable as 'hours worked.' Thus, an employee who is subject to an employer's control does not have to be working during that time to be compensated under Wage Order No. 14–80." *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 582, 995 P.2d 139, 143 (2000), as modified (May 10, 2000).

169.    Here: PLAINTIFF was not paid all overtime wages because PLAINTIFF would frequently work overtime and was not properly compensated.

170.    As such, PLAINTIFF performed work pursuant to the above Wage Order(s) and Labor Code(s) without ever being compensated for same.

171.    Therefore, DEFENDANTS are liable for their failure to pay PLAINTIFF all overtime wages owed to PLAINTIFF.

172.    As a proximate result of DEFENDANTS' failure to pay PLAINTIFF all overtime wages owed, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other

employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

173.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

**TWELFTH CAUSE OF ACTION**

**(Failure to Provide Meal Breaks in Violation of Labor Code §§ 226.7 and 512)**

**Against All Defendants and DOES 1 to 50**

174.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

175.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Labor Code §§ 1400 and 2810.3.

176.    As such, the California Labor Code, in its entirety, was in full effect and binding on DEFENDANTS at all relevant times mentioned herein.

177.    Cal. Labor Code § 226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Further, Cal. Labor Code § 226.7(b) states: "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is provided." "Labor Code section 226.7 requires an employer who fails to provide an employee with a meal or rest period to pay that employee one additional hour of pay (or premium payment) 'for each work day that the meal or rest period is not provided.' The question before us is whether this statute authorizes one premium payment per work day regardless of the number or type of break periods that were not provided, or two premium payments per work day—one for failure to provide a meal period and another for failure to provide a rest period. We conclude section 226.7 permits up to two premium payments per work day." *United Parcel Serv. Wage & Hour Cases*, 196 Cal. App. 4th 57, 60, 125 Cal. Rptr. 3d 384, 385 (2011).

PLAINTIFF RAUL PEREZ'S COMPLAINT FOR DAMAGES

178.    Cal. Labor Code § 512(a) states: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

179.    <u>Here</u>: PLAINTIFF was subject to DEFENDANTS' illegal meal break practices, including the failure to provide coverage during meal periods, not allowing meal breaks, requiring PLAINTIFF to work during meal breaks, and failing to provide accurate information on paycheck stubs in violation of Labor Code Section 226(a). PLAINTIFF was forced to miss PLAINTIFF's breaks several times. Additionally, PLAINTIFF was not provided a meal period within the first five hours of his shift, and/or was not allowed to take a fully uninterrupted 30-minute meal break for every five hours of work, and many times had to take a shorter meal period or an on-duty meal period due to workload and lack of coverage. PLAINTIFF was subject to DEFENDANTS' policy and/or practices of not providing meal breaks and not paying the applicable penalties for meal period violations, all of which are unpaid and still owed to PLAINTIFF.

180.    As such, PLAINTIFF was not provided an uninterrupted meal period of not less than 30 minutes before the beginning of the fifth hour worked on said occasions and was in fact deterred from taking same. Further, PLAINTIFF was never compensated at the legal rate for said missed meal periods. Therefore, DEFENDANTS have failed to provide all meal breaks owed to PLAINTIFF under the Labor Code.

181.    As a proximate result of DEFENDANTS' failure to provide PLAINTIFF all meal breaks owed, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

182.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses

1    in an amount according to proof at trial.

2    ### THIRTEENTH CAUSE OF ACTION

3    ### (Failure to Provide Rest Breaks in Violation of Labor Code § 226.7)

4    ### Against All Defendants and DOES 1 to 50

5    183.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in
6    all preceding and subsequent paragraphs as though fully set forth herein.

7    184.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that
8    DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under
9    the regulations, statutes and interpreting case law, including but not limited to Cal. Labor Code §§ 1400
10   and 2810.3.

11   185.    As such, the California Labor Code, in its entirety, was in full effect and binding on
12   DEFENDANTS at all relevant times mentioned herein.

13   186.    Cal. Labor Code § 226.7(a) states: "No employer shall require any employee to work
14   during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."
15   Further, Cal. Labor Code § 226.7(b) states: "If an employer fails to provide an employee a meal period
16   or rest period in accordance with an applicable order of the Industrial Welfare Commission, the
17   employer shall pay the employee one additional hour of pay at the employee's regular rate of
18   compensation for each work day that the meal or rest period is provided." "Labor Code section 226.7
19   requires an employer who fails to provide an employee with a meal or rest period to pay that employee
20   one additional hour of pay (or premium payment) 'for each work day that the meal or rest period is not
21   provided.' The question before us is whether this statute authorizes one premium payment per work day
22   regardless of the number or type of break periods that were not provided, or two premium payments per
23   work day—one for failure to provide a meal period and another for failure to provide a rest period. We
24   conclude section 226.7 permits up to two premium payments per work day." *United Parcel Serv. Wage*
25   *& Hour Cases*, 196 Cal. App. 4th 57, 60, 125 Cal. Rptr. 3d 384, 385 (2011).

26   187.    "Pursuant to IWC wage orders, employees are entitled to … a paid 10–minute rest
27   period per four hours of work. If denied two paid rest periods in an eight-hour work day, an employee
28   essentially performs 20 minutes of 'free' work, i.e., the employee receives the same amount of

-34-

compensation for working through the rest periods that the employee would have received had he or she been permitted to take the rest periods." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1104, 155 P.3d 284, 290 (2007)

188.    <u>Here</u>: PLAINTIFF was subject to DEFENDANTS' illegal rest break practices, including the failure to provide coverage during rest periods, not allowing rest breaks, requiring PLAINTIFF to work during rest breaks, and failing to provide accurate information on paycheck stubs in violation of Labor Code Section 226(a). PLAINTIFF was forced to miss PLAINTIFF's breaks several times. Additionally, PLAINTIFF was not provided a 10-minute rest break within the first four hours, or major fraction thereof.  PLAINTIFF was subject to DEFENDANTS' policy and/or practices of not providing rest breaks and not paying the applicable penalties for rest period violations, all of which are unpaid and still owed to PLAINTIFF.

189.    As such, PLAINTIFF was not provided an uninterrupted rest period of not less than 10 minutes for every four hours worked on said occasions and was in fact deterred from taking same.

190.    Further, PLAINTIFF was never compensated at the legal rate for said missed rest periods.

191.    Therefore, DEFENDANTS have failed to provide all rest breaks owed to PLAINTIFF under the Labor Code.

192.    As a proximate result of DEFENDANTS' failure to provide PLAINTIFF all rest breaks owed, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

193.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### FOURTEENTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements in Violation of Labor Code § 226)**

**Against All DEFENDANTS**

194.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

195.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Labor Code §§ 1400 and 2810.3.

196.    As such, the California Labor Code, in its entirety, was in full effect and binding on DEFENDANTS at all relevant times mentioned herein.

197.    Cal. Labor Code §226(a), in relevant part, states: "Every employer shall … furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…"

198.    Cal. Labor Code §226(e) states: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney s fees."

199.    <u>Here</u>: Due to the foregoing Labor Code violations of failure to pay OT; failure to provide meal/rest breaks, and the fact that PLAINTIFF did not receive the legal penalties to cure those violations, PLAINTIFF's wage statements were inaccurate because they did not contain all wages owed to PLAINTIFF.

200.    Therefore, DEFENDANTS have failed to provide accurate wage statements to PLAINTIFF.

201.    As a proximate result of DEFENDANTS' failure to provide PLAINTIFF with accurate wage statements, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

202.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### FIFTEENTH CAUSE OF ACTION

**(Waiting Time Penalties Pursuant to Labor Code §§ 201 and 203)**

**Against All Defendants and DOES 1 to 50**

203.    PLAINTIFF incorporates by reference, repeats, and realleges all allegations contained in all preceding and subsequent paragraphs as though fully set forth herein.

204.    At all times relevant, PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them, directly and/or indirectly employed PLAINTIFF as defined under the regulations, statutes and interpreting case law, including but not limited to Cal. Labor Code §§ 1400 and 2810.3.

205.    As such, the California Labor Code, in its entirety, was in full effect and binding on DEFENDANTS at all relevant times mentioned herein.

206.    Cal. Labor Code § 201(a), in relevant part, states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

207.    Cal. Labor Code § 203(a), in relevant part, states: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 , 201.3 , 201.5 , 201.9 , 202 , and 205.5 , any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced;  but the wages shall not continue for more than 30 days."

208.    Here: PLAINTIFF's last day of employment with DEFENDANTS was on or about July 13, 2023. However, DEFENDANTS failed to provide PLAINTIFF with PLAINTIFF's final wages until July 13, 2023.

209.    Therefore, Defendant SRLS and DOES have failed to provide all wages owed to PLAINTIFF at the end of PLAINTIFF's employment with Defendant SRLS.

210.    Further, due to the foregoing Labor Code violations that resulted in inaccurate wage statements being given to PLAINTIFF during his employment, DEFENDANTS failed to provide PLAINTIFF with all wages owed at the time of PLAINTIFF's termination. Therefore, DEFENDANTS have failed to provide all wages owed to PLAINTIFF at the end of PLAINTIFF's employment with DEFENDANTS,

211.    As a proximate result of DEFENDANTS' failure to provide PLAINTIFF all waiting time penalties owed, PLAINTIFF has suffered and continues to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by DEFENDANTS' conduct) in an amount according to proof at trial.

212.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## PRAYER

WHEREFORE, Plaintiff, RAUL PEREZ, prays for judgment against Defendants, ST. ROSE OF LIMA SCHOOL, ROMAN CATHOLIC DIOCESE OF SAN DIEGO, JOHN TURSEKY, MAUREEN MODAFERRI, ADRIANNA CEJA-MELVIN, MIGUEL CAMPOS, and DOES, 1 through 50, inclusive, as follows:

1. For general and special damages according to proof;

2. For exemplary and punitive damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred; and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, RAUL PEREZ, hereby demands a jury trial on the causes of action set forth herein.

Dated:  October 24, 2023                    TERMECHI EMPLOYMENT LAW


                                    By:  *Babak Termechi*
                                         Babak Termechi, Esq.
                                         Alen Ovsepyan, Esq.
                                         Shelby Radfar, Esq.

                                         Attorneys for Plaintiff,
                                         RAUL PEREZ

PLAINTIFF RAUL PEREZ'S COMPLAINT FOR DAMAGES

EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

October 24, 2023

RE:     **Notice of Filing of Discrimination Complaint**
          CRD Matter Number: 202310-22433024
          Right to Sue: PEREZ / ST. ROSE OF LIMA SCHOOL et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

October 24, 2023

RAUL PEREZ

,

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202310-22433024
Right to Sue: PEREZ / ST. ROSE OF LIMA SCHOOL et al.

Dear RAUL PEREZ:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective October 24, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

                                                                                        KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
RAUL PEREZ

CRD No. 202310-22433024

Complainant,

vs.

ST. ROSE OF LIMA SCHOOL
278 Alvarado Street, Suite #B
Chula Vista, CA 91910

MIGUEL CAMPOS
,

ROMAN CATHOLIC DIOCESE OF SAN DIEGO
278 Alvarado Street, Suite #B
Chula Vista, CA 91910

JOHN TURSKEY
,

MAUREEN MODAFERRI
,

ADRIANNA CEJA-MELVIN
,

Respondents

_____

**1.** Respondent **ST. ROSE OF LIMA SCHOOL** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **MIGUEL CAMPOS** individual as Co-Respondent(s).
Complainant is naming **ROMAN CATHOLIC DIOCESE OF SAN DIEGO** business as Co-Respondent(s).
Complainant is naming **JOHN TURSKEY** individual as Co-Respondent(s).
Complainant is naming **MAUREEN MODAFERRI** individual as Co-Respondent(s).
Complainant is naming **ADRIANNA CEJA-MELVIN** individual as Co-Respondent(s).

-1-
*Complaint – CRD No. 202310-22433024*

Date Filed: October 24, 2023

CRD-ENF 80 RS (Revised 12/22)

3. Complainant **RAUL PEREZ**, resides in the City of , State of .

4. Complainant alleges that on or about **July 13, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, reprimanded, other, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, reprimanded, other, denied accommodation for a disability, denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Additional Complaint Details:** PLAINTIFF was employed by DEFENDANTS for approximately one (1) year and two (2) months, from on or about May 15, 2022, through on or about July 13, 2023.
At the time PLAINTIFF's employment with DEFENDANTS was terminated, PLAINTIFF was a Maintenance Worker, earning $21.00 per hour. PLAINTIFF's job duties and responsibilities included, but were not limited to, maintenance, cleaning, and fixing anything that needed to be repaired for the school.
At all times relevant herein, PLAINTIFF was a non-exempt employee and entitled to all the protections of California law, including but not limited to legally required rest breaks, meal breaks, overtime pay, and timely compensation.
At all times throughout PLAINTIFF's employment, PLAINTIFF is informed and believes and thereon alleges he performed his job duties in an exemplary manner.
In or around July 2022, during PLAINTIFF's employment with SRLS, PLAINTIFF became a member of a protected class, in that PLAINTIFF suffered from a disability after injuring his shoulder.
At all times relevant during PLAINTIFF's employment with DEFENDANTS, PLAINTIFF was a member of a protected class, in that PLAINTIFF is disabled and suffers from temporomandibular.
PLAINTIFF began working for DEFENDANTS SRLS on or around May 15, 2022. In or around July 2022, PLAINTIFF injured his shoulder while opening a faulty door. PLAINTIFF reported the injury to the human resources representative, Ms. Ines.
PLAINTIFF's shoulder pain was initially tolerable in 2022, but began worsening after a few months in 2023.  Due to the pain, PLAINTIFF had trouble lifting his arm.

-2-
*Complaint – CRD No. 202310-22433024*

Date Filed: October 24, 2023

CRD-ENF 80 RS (Revised 12/22)

The following year, on or around March 2, 2023, PLAINTIFF visited his doctor to receive medical care for his should injury and resulting pain. PLAINTIFF's doctor informed PLAINTIFF that he had a severe shoulder contusion and required physical therapy twice (2) a week. PLAINTIFF's doctor also placed him on disability leave for two (2) months, from March 2, 2023, through May 2, 2023. PLAINTIFF informed DEFENDANTS of his request for disability leave and workers' compensation benefits the same day.  DEFENDANTS granted the leave of absence, but did not provide PLAINTIFF with any information on how he could file a workers' compensation claim.

PLAINTIFF returned to work on May 2, 2023, and was immediately subjected to DEFENDANTS retaliatory actions for taking a protected medical leave. Once PLAINTIFF returned from disability leave, PLAINTIFF noticed DEFENDANTS moved his desk, paperwork, and supplies to a different area that was less desirable.

In addition to his shoulder injury, PLAINTIFF simultaneously suffered from temporomandibular, which is a disorder that causes pain and dysfunction in the jaw joint and muscles that control jaw movement. PLAINTIFF's disability was very bothersome to PLAINTIFF as it affected his speech and eating, and would cause PLAINTIFF to spit when speaking. On or around, February 23, 2023, PLAINTIFF went to the doctor to have his medical condition treated, and was referred to an ear, nose, and throat doctor (ENT). In or around the end of February 2023, PLAINTIFF informed DEFENDANT TURSKEY of his second disability (i.e. temporomandibular), and informed DEFENDANTS that he will need surgery and a disability leave of absence for the same. DEFENDANT TURSKEY became visibly upset with PLAINTIFF, and proceeded to demand that PLAINTIFF refrain from undergoing his medically-necessary surgery until the end of the school year.  DEFENDANT TURSKEY pressured PLAINTIFF to postpone his surgery so he could continuing working the remainder of the school year.  PLAINTIFF reluctantly agreed.

In or around the end of June 2023, PLAINTIFF visited an ENT. The ENT informed PLAINTIFF that he should have the "tori" in his mouth removed. PLAINTIFF was scheduled to have surgery on his mouth on or around July 24, 2023, during summer as DEFENDANTS had previously demanded. PLAINTIFF was placed on disability leave from July 24, 2023, through August 21, 2023, to undergo and recover from the surgery.

On or around July 13, 2023, PLAINTIFF informed DEFENDANT TURSKEY that he will be getting surgery on or around July 24, 2023, requested disability accommodations and CFRA medical leave from July 24, 2023, through August 21, 2023, and provided a doctors' stating the same.  .DEFENDANT TURSKEY was aware since February that PLAINTIFF was planning on undergoing surgery at the end of the school year. Nevertheless, DEFENDANT TURSKEY never acknowledged or responded to PLAINTIFF's request for disability accommodations and CFRA medical leave.

A few hours later, on July 13, 2023, PLAINTIFF's employment was terminated.  PLAINTIFF was terminated just a few hours after asking DEFENDANT TURSKEY for CFRA and disability leave for his oral mandibular surgery. DEFENDANTS pretextually claimed that PLAINTIFF was terminated because "he was looking for another job" and that PLAINTIFF was "unhappy" working for DEFENDANTS. However, PLAINTIFF was not looking for another job.

Accordingly, PLAINTIFF is under information and belief and thereon alleges that DEFENDANTS' true reasons for terminating his employment were, but without limitation, because of his protected class, need for accommodation, and request for CFRA leave.

-3-

Date Filed: October 24, 2023

CRD-ENF 80 RS (Revised 12/22)

1 | VERIFICATION

2 | I, **Babak Termechi**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
  | on information and belief, which I believe to be true.

4 |
5 | On October 24, 2023, I declare under penalty of perjury under the laws of the State of
  | California that the foregoing is true and correct.

6 | **Encino, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 | -4-
   | *Complaint – CRD No. 202310-22433024*
27 |
   | Date Filed: October 24, 2023
28 |
   | CRD-ENF 80 RS (Revised 12/22)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ST. ROSE OF LIMA SCHOOL, an entity form unknown; ROMAN CATHOLIC DIOCESE OF SAN DIEGO, an entity form unknown (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAUL PEREZ, an individual

<table>
<tr><td>
FOR COURT USE ONLY<br>
<em>(SOLO PARA USO DE LA CORTE)</em><br><br>
<strong>ELECTRONICALLY FILED</strong><br>
Superior Court of California,<br>
County of San Diego<br><br>
<strong>11/30/2023</strong> at 10:37:48 AM<br>
Clerk of the Superior Court<br>
By Eva Noriega, Deputy Clerk
</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>The name and address of the court is:<br>
<em>(El nombre y dirección de la corte es):</em>  Hall of Justice<br>
330 West Broadway, San Diego, CA 92101</td>
<td>CASE NUMBER: <em>(Número del Caso):</em><br>
37-2023-00051984-CU-WT-CTL</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Babak Termechi, Esq., 16255 Ventura Blvd., Suite 940, Encino, CA 91436; (310) 974-3324

<table>
<tr>
<td>DATE:<br>(Fecha)  12/01/2023</td>
<td>Clerk, by<br>(Secretario)  <em>E. Noriega</em></td>
<td>, Deputy<br>(Adjunto)</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)　　　　☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)　　☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEREZ v. ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JOHN TURSKEY, an individual; MAUREEN MODAFERRI, an individual; ADRIANNA CEJA-MELVIN, an individual; MIGUEL CAMPOS, an individual; and DOES 1 through 50, inclusive

Page ___1___ of ___1___

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Babak Termechi (SBN 318361)<br>TERMECHI EMPLOYMENT LAW, 16255 Ventura Blvd., Ste. 940, Encino, CA 91436<br><br>TELEPHONE NO.: (310) 974-3324    FAX NO. *(Optional):*<br>E-MAIL ADDRESS: bobby@termechilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**11/30/2023** at 10:37:46 AM<br>Clerk of the Superior Court<br>By Eva Noriega, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
PEREZ v. ST. ROSE OF LIMA SCHOOL, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2023-00051964-CU-WT-CTL |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Joel R. Wohlfeil<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 15
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: November 29, 2023
Babak Termechi, Esq.
_____
(TYPE OR PRINT NAME)

*Babak Termechi*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):    Raul Perez

DEFENDANT(S) / RESPONDENT(S):  St Rose of Lima School et.al.

PEREZ VS ST ROSE OF LIMA SCHOOL [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2023-00051964-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Joel R. Wohlfeil                                    Department: C-73

**COMPLAINT/PETITION FILED:** 11/30/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/03/2024 | 01:30 pm | C-73 | Joel R. Wohlfeil |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

SDSC CIV-721 (Rev. 04-21)       **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**       Page: 1

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00051964-CU-WT-CTL        CASE TITLE: Perez vs St Rose of Lima School [IMAGED]

**NOTICE:** **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _**and**_
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:        Central | |

| PLAINTIFF(S):   Raul Perez |
|---|
| DEFENDANT(S): St Rose of Lima School et.al. |
| SHORT TITLE:    PEREZ VS ST ROSE OF LIMA SCHOOL [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00051964-CU-WT-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                              Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                   ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                      ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                                   Name of Defendant

_____          _____
Signature                                                            Signature

_____          _____
Name of Plaintiff's Attorney                                   Name of Defendant's Attorney

_____          _____
Signature                                                            Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  12/01/2023                                        _____
                                                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Termechi Employment Law Group<br>Babak Termechi SBN 318361<br>16255 Ventura Blvd. Suite 940<br>Encino, CA 91436<br>    TELEPHONE NO:                        FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   bobby@termechilaw.com<br>ATTORNEY FOR *(Name)*:   Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/06/2023** at 03:27:00 PM<br>Clerk of the Superior Court<br>By Treva Cutts,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego |  |
|---|---|
| STREET ADDRESS:   330 W. Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   San Diego, 92101-3409<br>BRANCH NAME:   Central - Civil | |

| PLAINTIFF / PETITIONER:   RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10020343 (21733014) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Notice of Case Assignment and Case Management Conference, Stipulation to Use Alternative Dispute Resolution
3. a. Party served *(specify name of party as shown on documents served)*:
   ST. ROSE OF LIMA SCHOOL, an entity form unknown
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   John Turskey - Person Authorized to Accept Service of Process
4. Address where the party was served:
   278 Alvarado St Unit 2, Chula Vista, CA 91910
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*:   Tue, Dec 05 2023            at *(time)*:   10:50 AM            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Barbara Jensen, Staff
       (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
       from *(city)*:                or [X] a declaration of mailing is attached.
       (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)   on *(date)*:    (2)   from *(city)*:

    (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section)*:

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

  a.   ☐   as an individual defendant.

  b.   ☐   as the person sued under the fictitious name of *(specify)*:

  c.   ☐   as occupant.

  d.   ☒   On behalf of *(specify)*:   ST. ROSE OF LIMA SCHOOL, an entity form unknown

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☒ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.   **Person who served papers**

  a.   Name:  Jaime Martel

  b.   Address:     1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

  c.   Telephone number:  800.938.8815

  d.   **The fee** for service was:  $120.00

  e.   I am:

    (1)   ☐   not a registered California process server.

    (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).

    (3)   ☒   a registered California process server:

      (i)   ☐ owner   ☐ employee   ☒ independent contractor

      (ii)   Registration No:   3589

      (iii)   County:   San Diego

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   December 6, 2023

Jaime Martel
_____
   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
                (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: | RAUL PEREZ | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA 94954.

On 12/6/2023, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Civil Case Cover Sheet, Summons, Notice of Case Assignment and Case Management Conference, Alternative Dispute Resolution Information Package, Stipulation to Use Alternative Dispute Resolution

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

ST. ROSE OF LIMA SCHOOL, an entity form unknown
John Turskey - Person Authorized to Accept Service of Process
278 Alvarado St, Unit 2
Chula Vista, CA 91910.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   12/6/2023

Sandra Alcala

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for  ☐ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☒ Other *(Specify):* InfoTrack USA

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Termechi Employment Law Group<br>Babak Termechi SBN 318361<br>16255 Ventura Blvd. Suite 940<br>Encino, CA 91436<br>     TELEPHONE NO:                    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   bobby@termechilaw.com<br>ATTORNEY FOR *(Name)*:   Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/06/2023** at 03:29:00 PM<br>Clerk of the Superior Court<br>By Treva Cutts, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego |
|---|
| STREET ADDRESS:   330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:   San Diego, 92101-3409 |
| BRANCH NAME:   Central - Civil |

| PLAINTIFF / PETITIONER:   RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10020342 (21733013) |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] Summons
    b.  [X] Complaint
    c.  [X] Alternative Dispute Resolution (ADR) Package
    d.  [X] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] Cross-Complaint
    f.  [X] Other *(specify documents)*:    Notice of Case Assignment and Case Management Conference, Stipulation to Use Alternative Dispute Resolution
3.  a.  Party served *(specify name of party as shown on documents served)*:
        ROMAN CATHOLIC DIOCESE OF SAN DIEGO, an entity form unknown
    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        MICHAEL REYNOLDS - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    3888 Paducah Dr, San Diego, CA 92117
5.  I served the party *(check proper box)*
    a.  [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
    b.  [X] **by substituted service.** On *(date)*:   Tue, Dec 05 2023              at *(time)*:   03:45 PM              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
        Hortencio Barbosa, Accounting Assistant
        (1)  [X]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
            from *(city)*:                              or [X] a declaration of mailing is attached.
        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF / PETITIONER:   RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1)  on *(date):*        (2)  from *(city):*
    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☒  On behalf of *(specify):*   ROMAN CATHOLIC DIOCESE OF SAN DIEGO, an entity form unknown
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☒  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**
   a.  Name:    Jaime Martel
   b.  Address:    1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947
   c.  Telephone number:    800.938.8815
   d.  **The fee** for service was:    $140.00
   e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
      (i)  ☐ owner   ☐ employee   ☒ independent contractor
      (ii)  Registration No:   3589
      (iii)  County:   San Diego

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   December 6, 2023

Jaime Martel
_____
   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
                   (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA 94954.

On 12/6/2023, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Civil Case Cover Sheet, Summons, Notice of Case Assignment and Case Management Conference, Alternative Dispute Resolution Information Package, Stipulation to Use Alternative Dispute Resolution

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

ROMAN CATHOLIC DIOCESE OF SAN DIEGO, an entity form unknown
MICHAEL REYNOLDS - Person Authorized to Accept Service of Process
3888 Paducah Dr
San Diego, CA 92117.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   12/6/2023

Sandra Alcala
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☒ Other *(Specify):* InfoTrack USA

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Termechi Employment Law Group<br>Babak Termechi SBN 318361<br>16255 Ventura Blvd. Suite 940<br>Encino, CA 91436<br>       TELEPHONE NO:                                    FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:    bobby@termechilaw.com<br>ATTORNEY FOR *(Name)*:    Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/07/2023** at 03:06:00 PM<br>Clerk of the Superior Court<br>By Treva Cutts, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    San Diego | |
|---|---|
| STREET ADDRESS:    330 W. Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:    San Diego, 92101-3409<br>BRANCH NAME:    Central - Civil | |

| PLAINTIFF / PETITIONER:    RAUL PEREZ<br>DEFENDANT / RESPONDENT:    ST. ROSE OF LIMA SCHOOL, et al. | CASE NUMBER:<br>37-2023-00051964-CU-WT-CTL |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10020344 (21733015) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint
   c. ☒ Alternative Dispute Resolution (ADR) Package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. ☒ Other *(specify documents)*:    Notice of Case Assignment and Case Management Conference, Stipulation to Use Alternative Dispute Resolution
3. a. Party served *(specify name of party as shown on documents served)*:
      JOHN TURSKEY, an individual
   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   278 Alvarado St Unit 2, Chula Vista, CA 91910
5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:    Wed, Dec 06 2023                (2) at *(time)*:    10:35 AM
   b. ☐ **by substituted service.** On *(date)*:                                    at *(time)*:                                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
            from *(city)*:                                            or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

| PLAINTIFF / PETITIONER: RAUL PEREZ | CASE NUMBER: |
| DEFENDANT / RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date):*          (2)  from *(city):*

      (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

      (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☒  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify):*

   c.  ☐  as occupant.

   d.  ☐  On behalf of *(specify):*

      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

   a.  Name:      Jaime Martel

   b.  Address:      1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

   c.  Telephone number:      800.938.8815

   d.  **The fee** for service was:      $50.00

   e.  I am:

      (1)  ☐  not a registered California process server.

      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

      (3)  ☒  a registered California process server:

         (i)  ☐ owner   ☐ employee   ☒ independent contractor

         (ii)  Registration No:   3589

         (iii)  County:   San Diego

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   December 7, 2023

Jaime Martel
_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
                        (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Termechi Employment Law Group<br>Babak Termechi SBN 318361<br>16255 Ventura Blvd. Suite 940<br>Encino, CA 91436<br>      TELEPHONE NO:                      FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   bobby@termechilaw.com<br>ATTORNEY FOR *(Name)*:   Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/07/2023** at 03:03:00 PM<br>Clerk of the Superior Court<br>By Treva Cutts, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego |
|---|
|    STREET ADDRESS:  330 W. Broadway |
|    MAILING ADDRESS: |
|    CITY AND ZIP CODE:  San Diego, 92101-3409 |
|    BRANCH NAME:  Central - Civil |

| PLAINTIFF / PETITIONER:  RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10020346 (21733017) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Notice of Case Assignment and Case Management Conference, Stipulation to Use Alternative Dispute Resolution
3. a. Party served *(specify name of party as shown on documents served)*:
      ADRIANNA CEJA-MELVIN, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   278 Alvarado St Unit 2, Chula Vista, CA 91910
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Wed, Dec 06 2023        (2) at *(time)*:   10:38 AM
   b. [ ] **by substituted service.** On *(date)*:                at *(time)*:                  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                      or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

5.   c.   [ ]   **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)   on *(date):*    (2)   from *(city):*

    (3)   [ ]   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)   [ ]   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.   [ ]   **by other means** *(specify means of service and authorizing code section):*

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

   a.   [X]   as an individual defendant.

   b.   [ ]   as the person sued under the fictitious name of *(specify):*

   c.   [ ]   as occupant.

   d.   [ ]   On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)    [ ] 415.95 (business organization, form unknown)

    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)

    [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)

    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)

    [ ] 416.50 (public entity)    [ ] 415.46 (occupant)

    [ ] other:

7.   **Person who served papers**

   a.   Name:   Jaime Martel

   b.   Address:   1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

   c.   Telephone number:   800.938.8815

   d.   **The fee** for service was:   $50.00

   e.   I am:

    (1)   [ ]   not a registered California process server.

    (2)   [ ]   exempt from registration under Business and Professions Code section 22350(b).

    (3)   [X]   a registered California process server:

      (i)   [ ] owner   [ ] employee   [X] independent contractor

      (ii)   Registration No:   3589

      (iii)   County:   San Diego

8.   [X]   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.   [ ]   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   December 7, 2023

Jaime Martel
_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____
             (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Termechi Employment Law Group<br>Babak Termechi SBN 318361<br>16255 Ventura Blvd. Suite 940<br>Encino, CA 91436<br>　　　TELEPHONE NO:　　　　　　　　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:　bobby@termechilaw.com<br>　　　ATTORNEY FOR *(Name)*:　Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/07/2023** at 03:05:00 PM<br>Clerk of the Superior Court<br>By Treva Cutts, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　San Diego |
|---|
| STREET ADDRESS:　330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:　San Diego, 92101-3409 |
| BRANCH NAME:　Central - Civil |

| PLAINTIFF / PETITIONER:　RAUL PEREZ<br>DEFENDANT / RESPONDENT:　ST. ROSE OF LIMA SCHOOL, et al. | CASE NUMBER:<br>37-2023-00051964-CU-WT-CTL |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10020345 (21733016) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:　Notice of Case Assignment and Case Management Conference, Stipulation to Use Alternative Dispute Resolution
3. a. Party served *(specify name of party as shown on documents served)*:
   　　MAUREEN MODAFERRI, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   278 Alvarado St Unit 2, Chula Vista, CA 91910
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Wed, Dec 06 2023　　　　(2) at *(time)*:　10:36 AM
   b. [ ] **by substituted service.** On *(date)*:　　　　　　　　　　at *(time)*:　　　　　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   　(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   　(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   　(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   　(4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   　　　from *(city)*:　　　　　　　　　　　　　　　　　or [ ] a declaration of mailing is attached.
   　(5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

5.   c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:       (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)

    ☐ other:

7. **Person who served papers**

  a. Name:   Jaime Martel

  b. Address:   1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

  c. Telephone number:   800.938.8815

  d. **The fee** for service was:   $50.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner   ☐ employee   ☒ independent contractor

      (ii) Registration No:   3589

      (iii) County:   San Diego

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   December 7, 2023

Jaime Martel

_____

    (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____

    (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Termechi Employment Law Group<br>Babak Termechi SBN 318361<br>16255 Ventura Blvd. Suite 940<br>Encino, CA 91436<br>　　　TELEPHONE NO:　　　　　　　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:　bobby@termechilaw.com<br>ATTORNEY FOR *(Name)*:　Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/08/2023** at 08:11:00 AM<br><br>Clerk of the Superior Court<br>By Treva Cutts,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　San Diego |
|---|
| 　STREET ADDRESS:　330 W. Broadway |
| 　MAILING ADDRESS: |
| 　CITY AND ZIP CODE:　San Diego, 92101-3409 |
| 　BRANCH NAME:　Central - Civil |

| PLAINTIFF / PETITIONER:　RAUL PEREZ<br>DEFENDANT / RESPONDENT:　ST. ROSE OF LIMA SCHOOL, et al. | CASE NUMBER:<br>37-2023-00051964-CU-WT-CTL |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10020347 (21733018) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:　Notice of Case Assignment and Case Management Conference, Stipulation to Use Alternative Dispute Resolution
3. a. Party served *(specify name of party as shown on documents served)*:
      MIGUEL CAMPOS, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   278 Alvarado St Unit 2, Chula Vista, CA 91910
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　　　　　(2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*:　Wed, Dec 06 2023　　at *(time)*:　10:38 AM　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Adrianna Ceja, Bookkeeper
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:　　　　　　　　　　　　　or [X] a declaration of mailing is attached.
      (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:  RAUL PEREZ | CASE NUMBER: |
| --- | --- |
| DEFENDANT / RESPONDENT:  ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:      (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☐  On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

    ☐ other:

7.  **Person who served papers**

  a.  Name:  Jaime Martel

  b.  Address:  1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

  c.  Telephone number:  800.938.8815

  d.  **The fee** for service was:  $120.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☒ independent contractor

      (ii)  Registration No:  3589

      (iii)  County:  San Diego

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  December 7, 2023

Jaime Martel

_____

  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc.- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____

                            (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

1) Unsuccessful Attempt: Dec 1, 2023, 5:39 pm PST at Business: 278 Alvarado St Unit 2, Chula Vista, CA 91910

No one here, place closed

2) Unsuccessful Attempt: Dec 5, 2023, 10:50 am PST at Business: 278 Alvarado St Unit 2, Chula Vista, CA 91910

Per Barbara Jensen, Pastor it not available today, he attend a Funeral

3) Successful Attempt: Dec 6, 2023, 10:38 am PST at Business: 278 Alvarado St Unit 2, Chula Vista, CA 91910 received by Adrianna Ceja. Age: 58; Ethnicity: Hispanic; Gender: Female; Weight: 190; Height: 5'7"; Hair: Brown; Eyes: Brown; Relationship: Bookkeeper;

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:   December 7, 2023

Jaime Martel
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* Process Server

**ATTACHED DECLARATION**

MC-031

| PLAINTIFF / PETITIONER: RAUL PEREZ | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

### DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA 94954.

On 12/6/2023, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Civil Case Cover Sheet, Summons, Notice of Case Assignment and Case Management Conference, Alternative Dispute Resolution Information Package, Stipulation to Use Alternative Dispute Resolution

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

MIGUEL CAMPOS, an individual
278 Alvarado St, Unit 2
Chula Vista, CA 91910.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:  12/6/2023

Sandra Alcala
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other (Specify): InfoTrack USA

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Babak Termechi (SBN. 318361) Shelby Radfar (SBN: 349574)<br>Termechi Employment Law<br>16255 Ventura Blvd., Suite 940<br>Encino, CA 91436<br><br>TELEPHONE NO.: (310) 974-3324        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* bobby@termechilaw.com & sradfar@termechilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff RAUL PEREZ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

| PLAINTIFF/PETITIONER: RAUL PEREZ | CASE NUMBER:<br>37-2023-00051964-CU-WT-CTL |
|---|---|
| DEFENDANT/RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | JUDICIAL OFFICER:<br>Hon. Joel R. Wohlfeil |
| **NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION** | DEPT.:<br>C-73 |

1. **Please take notice** that, as of *(date):* December 15, 2023
   ☐ the following self-represented party or
   ☒ the attorney for:
   a. ☒ plaintiff *(name):* RAUL PEREZ
   b. ☐ defendant *(name):*
   c. ☐ petitioner *(name):*
   d. ☐ respondent *(name):*
   e. ☐ other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.

   ☐ A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):* Bobby Termechi & Shelby Radfar, Termechi Employment Law
   is as follows:
   a. Street: 15760 Ventura Blvd., Suite 2000
   b. City: Encino
   c. Mailing address *(if different from above):*
   d. State and zip code: CA 91436
   e. Telephone number: (310) 974-3324
   f. Fax number (if available):
   g. E-mail address (if available): bobby@termechilaw.com & sradfar@termechilaw.com

3. **All notices and documents** regarding the action should be sent to the above address.

Date: December 19, 2023

Babak Termechi
_____
(TYPE OR PRINT NAME)

▶ *Babak Termechi*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

**NOTICE OF CHANGE OF ADDRESS OR OTHER
CONTACT INFORMATION**

Cal. Rules of Court, rules 2.200 and 8.816
*www.courts.ca.gov*

**MC-040**

| | |
|---|---|
| PLAINTIFF/PETITIONER: RAUL PEREZ | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ST. ROSE OF LIMA SCHOOL, et al. | 37-2023-00051964-CU-WT-CTL |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

*(NOTE: This page may be used for proof of service by first-class mail of the Notice of Change of Address or Other Contact Information. Please use a different proof of service, such as Proof of Service—Civil (form POS-040), if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the Notice of Change of Address or Other Contact Information if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.

   b. ☐ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:

   a. on *(date):*

   b. at *(city and state):*

5. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

**NOTICE OF CHANGE OF ADDRESS
OR OTHER CONTACT INFORMATION**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16255 Ventura Blvd., Suite 940, Encino, CA 91436.

On December 21, 2023, I served the foregoing document, described as **"NOTICE OF CHANGE OF ADDRESS"** on all interested parties in this action as set forth below in the following manner:

| | |
|---|---|
| Nicolas J. Echevestre<br>GREENE & ROBERTS LLP<br>402 West Broadway, Suite 1025<br>San Diego, CA 92101<br>nechevestre@greeneroberts.com | *Attorneys for Defendants PASTOR OF SAINT ROSE OF LIMA CATHOLIC PARISH IN CHULA VISTA; THE ROMAN CATHOLIC BISHOP OF SAN DIEGO; JOHN TURSKEY; MAUREEN MODAFERRI; ADRIANNA CEJA-MELVIN; and MIGUEL CAMPOS* |

☐ **(BY MAIL)** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure **§1013(a). I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.**

☒ **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

☒ **(BY ELECTRONIC MAIL)** A copy of said document(s) was delivered by electronic mail to the address(s) pursuant to California Code of Civil Procedure **§1010.6.**

Executed on December 21, 2023, at Encino, California.

*Vanessa Castillo*
VANESSA CASTILLO

PROOF OF SERVICE